ORIGINAL

## In the United States Court of Federal Claims

No. 17-969C
(Filed: December 13, 2017)

| | |
|---|---|
| CLAUDE PHILLIP VINCENT, | |
| Plaintiff, | Motion to Dismiss, RCFC 12(b)(1); No Jurisdiction Over Tort, Discrimination, Criminal, or Veterans Benefits Claims; Transfer Would Be Futile. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

FILED
DEC 1 3 2017
U.S. COURT OF FEDERAL CLAIMS

Claude Phillip Vincent, Kernersville, NC, pro se.

David A. Levitt, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

The court has before it defendant's motion to dismiss, filed August 24, 2017, which is brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), as well as plaintiff's motion to proceed in forma pauperis, filed September 1, 2017. Def.'s Mot., ECF No. 8; Pl.'s Mot., ECF No. 9.[1] As regards defendant's dispositive motion, plaintiff filed a corrected response brief, ECF No. 12, which was followed by defendant's reply brief, ECF No. 13. The court also permitted Mr. Vincent to file a sur-reply, ECF No. 15. For the reasons stated below, defendant's motion is **GRANTED**, and plaintiff's motion is **GRANTED** for the limited purpose of determining this court's jurisdiction over Mr. Vincent's claims.

---

[1] All document references and page citations are to the electronic record preserved in the court's Case Management/Electronic Case Files (CM/ECF) system.

7017 1450 0000 1346 0546

I.      Factual Background[2]

Plaintiff's complaint alleges that he did not timely receive his July 2010 benefits check from the Department of Veterans Affairs (VA), and that his efforts to obtain his funds were frustrated by criminal and tortious misconduct of VA employees in the regional VA office in Winston-Salem, North Carolina (VARO). See Compl., ECF No. 1 at 2-3. Mr. Vincent attaches to the complaint extensive documentation of his efforts to bring his accusations against these VARO employees to the attention of various authorities. See Compl. App'x, ECF No. 1-1 at 2-39, 44. The prayer for relief contained in the complaint is a succinct recitation of Mr. Vincent's claims:

> WHEREFORE, the demand for judgment of $350,000.00 should be awarded against the United States due to these acts of misconduct of these US Department of VA employees in their official roles and put an end to these retaliatory criminal violations of law.

ECF No. 1 at 3.

II.     Standard of Review

   A.   Pro Se Litigants

The court acknowledges that Mr. Vincent is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and plaintiff's briefs thoroughly to discern all of plaintiff's claims and legal arguments.

   B.   Motions Brought under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). However, plaintiff bears the burden of establishing subject matter jurisdiction,

---

[2]     The facts recited here are taken from the complaint and the documents attached thereto, as well as from the facts alleged in plaintiff's corrected response brief, sur-reply and attached exhibits. See ECF Nos. 1, 1-1, 12, 15.

2

Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

    C.    Tucker Act Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." Id. The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. Id. "[T]o come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Id. (citations omitted).

In other words, the source underlying the cause of action must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. Testan, 424 U.S. 392, 400 (1976) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing Mosca v. United States, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. Huston v. United States, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing United States v. Mitchell, 463 U.S. 206, 218 (1983)). If, on the other hand, no money-mandating source supports the cause of action, jurisdiction is lacking and this court must dismiss the action. See id. at 261-62 (affirming the dismissal of a claim where the statute relied upon by the plaintiff was not money-mandating).

II.    Analysis

    A.    In Forma Pauperis Application

The court rejected Mr. Vincent's first request for leave to proceed in forma pauperis, ECF No. 3, because the application lacked essential information. See Order, ECF No. 7. Plaintiff submitted a second application which supplied the missing

information. ECF No. 9. The court finds that Mr. Vincent has shown sufficient economic hardship to proceed in forma pauperis for the limited purpose of determining the court's jurisdiction over his suit.

B. Jurisdictional Analysis

The complaint seeks compensation for actions taken by the VARO employees responsible for the administration of Mr. Vincent's veterans benefits, under a variety of legal theories. The claims presented in the complaint, however, are not within the jurisdiction of this court. The court first addresses the relevant limits on this court's jurisdiction as they apply to the allegations presented in the complaint. The court then turns to the new claim raised in plaintiff's corrected response brief. See ECF No. 12.

1. Claims Discerned in the Complaint

Plaintiff asserts that his civil rights, protected by 42 U.S.C. § 1983 (2012), have been violated by the VARO employees. ECF No. 1 at 4. Actions for civil rights violations brought under section 1983 cannot be heard by this court. E.g., Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) (citations omitted). Thus, plaintiff's claims based on section 1983 must be dismissed for lack of subject matter jurisdiction.

Plaintiff also accuses the VARO employees of violations of the mail and wire fraud criminal statues, titled "Frauds and swindles," 18 U.S.C. § 1341 (2012), and "Fraud by wire, radio, or television," 18 U.S.C. § 1343 (2012). ECF No. 1 at 4. This court has no jurisdiction over claims founded on violations of federal criminal law. Campbell v. United States, 229 Ct. Cl. 706, 707 (1981). Thus, plaintiff's claims based on sections 1341 and 1343 must be dismissed for lack of subject matter jurisdiction.

Plaintiff also references the protections against discrimination afforded individuals with disabilities by the Rehabilitation Act of 1973. ECF No. 1 at 4; see 29 U.S.C. § 794 (2012). This court cannot review discrimination claims brought under that statute. See, e.g., Sageman v. United States, 82 Fed. Cl. 367, 371 (2008) (citation omitted). Thus, plaintiff's claims based on discrimination prohibited by the Rehabilitation Act of 1973 must be dismissed for lack of subject matter jurisdiction.

Finally, Mr. Vincent relies on the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1) (2012), as a basis for his suit. ECF No. 1 at 4; ECF No. 12 at 4. Unfortunately for plaintiff, not only are FTCA suits under the exclusive jurisdiction of the federal district courts, not this court, but tort claims are also specifically excluded from the jurisdiction of this court by the Tucker Act. See 28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to "cases not sounding in tort"); Rothing v. United States, 132 Fed. Cl. 387, 390 (2017) (dismissing FTCA claim because of the exclusive jurisdiction of the federal district courts over FTCA claims). Thus, plaintiff's claims founded on the FTCA must be dismissed for lack of subject matter jurisdiction.

### 2. Claim Raised in Plaintiff's Corrected Response Brief

In plaintiff's response to the government's jurisdictional arguments presented in defendant's motion to dismiss, plaintiff recharacterizes his claim as one for "military compensation pay." ECF No. 12 at 1, 4-5. Mr. Vincent specifically disavows presenting a tort claim, a claim based on violations of criminal law, or a discrimination claim. Id. at 4. Rather, plaintiff avers that the question before the court is:

> "[C]an the US Department of Veterans Affairs allow their federal employees to illegally withhold military compensation pay for six months in defiance of 38 U.S.C. Chapter 11?"

Id. at 1; see also ECF No. 15 at 1 ("Can the VA allow its employees to violate the pay statutes in 37 USC 204 and 38 USC 1110-1118?").

It is unclear whether plaintiff is attempting to amend his complaint or is trying to clarify the limited focus of his claims. Neither approach permits this court to reach the merits of plaintiff's claims. Were the court to consider the complaint to be amended to assert a claim for military pay under 37 U.S.C. § 204 (2012), ECF No. 12 at 1, that claim would be frivolous because nowhere in the complaint or plaintiff's briefs is there a reference to active duty military service within this court's six-year limitations period. Indeed, Mr. Vincent acknowledges that his military service ended in 1976. Id. at 1. Plaintiff has thus failed to meet his burden to establish jurisdiction over any military pay claim that might be stated in his suit before this court.

An amended complaint founded on Chapter 11 of Title 38 of the United States Code would also fail to establish jurisdiction in this court for plaintiff's claims. That chapter is titled "Compensation for Service-Connected Disability or Death," 38 U.S.C. pt. II, ch. 11 (2012), and plaintiff points specifically to Wartime Disability Compensation, id. §§ 1110-1118. See ECF No. 12 at 1, 4; ECF No. 15 at 1-2. "This Court does not have any jurisdiction over veteran[s] benefit claims." West v. United States, 103 Fed. Cl. 55, 63 (2012) (citing Jackson v. United States, 80 Fed. Cl. 560, 565-66 (2008)). Thus, even if plaintiff recharacterized his suit as one for the recovery of veterans benefits, that claim would not be within this court's jurisdiction.

Finally, the court notes that Mr. Vincent suggests that his claim sounds in contract: "This [veterans benefits] statu[t]e enforces the contract between the parties, the VA and plaintiff, that authorizes payment for service connected injuries in war time . . . conflict (1972-1976)." ECF No. 12 at 1; see also ECF No. 15 at 1 ("My complaint on the docket is about a missing compensation check . . . which is declared to be, by Statute, as being Military Pay that was based on the contractual agreement enforceable by the Military Pay Statutes due to my being injured while on active duty in war time while serving my country under the 'Oath of Enlistment' sworn to by the Defendant and Plaintiff upon entrance in the US Military service."). Binding precedent contradicts this type of

jurisdictional allegation: "The Supreme Court has recognized the irrelevance of contract law for members of the military many times, stating, for example, that 'common-law rules governing private contracts have no place in the area of military pay.'" Schism v. United States, 316 F.3d 1259, 1271 (Fed. Cir. 2002) (en banc) (quoting Bell v. United States, 366 U.S. 393, 401 (1961)). There is no contract-based jurisdiction in this court for military pay or veterans benefits. See id. Thus, plaintiff has failed to establish this court's jurisdiction over his complaint, despite his invocation of contract law.

The court is sympathetic with disabled veterans who do not timely receive their benefit checks. There is no jurisdiction in this court, however, to provide monetary remedies for such a problem. Mr. Vincent's claim is, by its nature, most accurately described as a claim for compensation founded on the alleged negligence or other tortious conduct by VA employees. See Katz v. Cisneros, 16 F.3d 1204, 1207 (Fed. Cir. 1994) ("Regardless of the characterization of the case ascribed by [a plaintiff] in its complaint, we look to the true nature of the action in determining the existence or not of jurisdiction.") (citations omitted). Plaintiff's tort claim cannot be heard in this court, for the reasons explained in this opinion.

III.   Transfer Would Be Futile

The court considers whether it would be in the interest of justice to transfer this suit to another federal court. This court's power to transfer cases to a federal district court is governed by 28 U.S.C. § 1631 (2012):

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. (emphasis added). As defendant notes, the filing date of the complaint in this court does not fall within the time-window for a timely FTCA suit in a federal district court. ECF No. 8 at 8. Thus, transfer to a federal district court, where the complaint would be summarily dismissed on timeliness grounds, is not in the interest of justice. This court cannot transfer Mr. Vincent's claims to a federal district court.

IV.   Conclusion

For the reasons stated in this opinion, plaintiff's claims must be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1). In addition, transfer of Mr. Vincent's claims would be futile. Accordingly,

(1)   The court **GRANTS** plaintiff's application for leave to proceed in forma pauperis, ECF No. 9, filed September 1, 2017, for the limited purpose of determining this court's jurisdiction over plaintiff's suit;

(2)   Defendant's motion to dismiss, ECF No. 8, filed September 1, 2017, is **GRANTED**; and

(3)   The Clerk of the Court shall **ENTER** final judgment for defendant, **DISMISSING** plaintiff's complaint, without prejudice.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Judge